Judge Nicholas
delivered the Opinion of the Court.
This action was brought for the board and funeral expenses of the defendant’s wife.
She voluntarily left her husband, and for four years previous to her death, lived apart from him — most of the time at her mothers, but for the last six months, at the house of the plaintiff, who was her brother-in-law. During the time she was at plaintiff’s house, she was sick,' and unable to do any thing towards earning a support. She was properly attended till her death, and then buried at the plaintiff’s expense. She had no means of subsistence of her own, and none were provided by the defendant.
The separation was not produced by any personal-violence, on the part of the husband, inflicted or threatened ; nor was lie otherwise guilty of any misconduct, such as would justify her in leaving him. She left him notwithstanding his persuasions and remonstrances against her doing so. He requested her return, on more than one occasion, after the separation and previous to her stay at the house of plaintiff, which she refused. Whilst at the house of plaintiff, he visited her two or three times, and at the first of these visits, again requested her to return to his house. She expressed a willingness to do so, but said she was too weak to ride. The witness also stated, that during this visit, “she went off on foot, and was gone about am hour and a half, but where she went, he did not know.”
Upon proof exhibiting substantially the foregoing state of case, the court instructed the jury, that, “the plaintiff’ could not recover for the board of the defendant’s wife, unless there was proved an express agreement on the part of the defendant, to pay for it. But *292 if they believed, he had driven his wife off-by beating her, or by other treatment which she. could not be reasonably required to endure, that lie was liable to plaintiff for her board; and that defendant was liable for her nursing and burial expenses, unless she had eloped from defendant without proper cause.”
Judgmont for defendant..
An express promise to pay for board, is not necessaryto pre vent the act of 1663, 1 Dig. 465, from defeating the recovery. Iftheen tertainer gives the guest to understand distinctly, that his entertainment is notgiven in hospitality, but to be paid for, it will take the case out of the operation of the statute.
The husband is bound to maintain his wife ; and if he drives her oft’, or so treats her as to justify her leaving him, it entitles her to credit for necessaries. But for hoard, when he who received the wife, had not declared bis intention to claim it, :'l Dig. 465) there is no liability.
The husband’s assent, to his wife’s contracts .for necessaries for herself and family, is implied during cohabitation. Not so, when sl(e has eloped without sufficient cause. But if he receives her again, after a separation, or if she desires to return, and he, without sufficient cause, refuses to receive her, his assent to her contracts for necessaries, ihenceforwmd, will be inferred.
*292 Under this instruction the jury found a verdict for the defendant, which the court refused to set aside.
The instruction is somewhat carelessly .drafted, and its several parts, in consequence, not altogether reconcilable with each other. The first member of it, was probably given with an eye to the Virginia act of 1683. But, according to the construction given to that act by this court, there is no need of the express promise to pay, required by the instruction ; and it would he sufficient, in a ease circumstanced like this, if the plaintiff had distinctly informed either the wife or husband, that her stay at his house was riot to be considered in the light of mere hospitality, but that he should require remuneration therefor, in order to exempt the case from the operation of that act. The distinction is not material as to any bearing upon the facts as made out in proof, and is merely suggested, because the case may assume another aspect at- a futare trial. We deem the insruction substantially erroneous on other grounds.
The law undoubtedly imposes upon a husband, in the general, the obligation of maintaining his wife, and he is compellable to find her necessaries. It is true, also, that if he abandons her, or drives her off, or by cruel or improper usage, compels her to abandon him, he gives her credit for necessaries, suitable to his estate and degree, wherever she can procure them. But still his liability therefor, is the result of a contract, either express or implied on her part, .and for board obtained under the circumstances of this case, the law will imply no contract, unless the plaintiff had declared his intention not to furnish it gratuitously.
During cohabitation, the husband’s assent to the wife’s contracts for necessaries for herself and family, may be., and generally ought to be, implied.
*293 When she elopes with an adulterer, or voluntarily leaves her husband and lives apart, without improper usage from him, there being no ground for inferring his assent, it cannot be implied, and he is not bound by her contracts for necessaries. But it has been held that his assent shall generally be intended, if after separation he again receives her, so also, if she offers, to return, and he, without sufficient cause, refus'es to receive her, his liability upon her contracts for necessaries, is from that time, revived, and he stands in the same attitude as if he had then wrongfully turned her away. The principle couched in the latter branch of the instruction, that the husband is not liable if his wife elopes without proper cause, is therefore correct in the abstract; but was not properly qualified to suit the facts of this case. For the defendant’s visits to his wife, during her stay at the house of the plaintiff, and his proffer to take her back, coupled with her assent thereto, might well have been taken by the jury as a reconciliation, and equivalent to an actual taking of her back, provided they believed her excuse for not returning was well founded and not merely feigned. If they believed that a bona fide reconciliation had taken place, and that their actual cohabitation was only prevented by her inability to travel, they might well have charged him with the necessaries furnished.
It is for not having referred this matter to the determination of the jury, we deem the instruction erroneous, and that the judgment must be reversed, with costs, and the cause remanded for a new trial and further proceedings consistent herewith.