BILLING
vs
PILCHER & HAU-
SER.

---

ASSUMPSIT.

*Case* 119.

July 27.

Case stated.

## Billing *vs* Pilcher & Hauser.

### ERROR TO THE JEFFERSON CIRCUIT.

*Husband and wife.    Necessaries for the wife.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court,

PILCHER & HAUSER having recovered a judgment against
Billing for $25, their fee for services rendered to his wife
in filing a bill against him for alimony and divorce, he
prosecutes this writ of error for the reversal of the judg-
ment.

It appears that on the 16th of September, 1845, the
bill was sworn to by Mrs. Billing, and filed by Pilcher &
Hauser, making general charges of cruel, inhuman and
barbarous treatment against her husband; that he had
repeatedly laid violent hands upon her, and threatened to
do so again; that he threatened to leave her and go to
Europe, &c., together with other less serious charges.
On the 23d of September, Billing answered the bill, de-
nying every material allegation, and inviting his wife to
return and live with him. And on the 4th of October
she directed the dismissal of the suit and returned to her
husband. Besides reading the bill and answer to the
jury, the plaintiffs proved that $25 was the usual fee in
such a case. The defendant then proved by a witness
who had resided in the same house, that he had treated
his wife well, &c., and that she had no cause for leaving

him and bringing the suit, and had returned as soon as she dismissed the suit.

Upon this evidence the Court instructed the jury in effect, that if the plaintiffs had filed the bill in good faith, upon the representations of Mrs. Billing, her husband was liable for the reasonable value of their services, and that her swearing to the bill was evidence of her representations to the plaintiffs. The propriety of this instruction is the only question which need be considered.

It is well settled that a wife who is wrongfully turned out of doors by her husband, or from ill treatment is obliged, by a regard to her own safety, to leave his house, carries with her an implied credit, or an implied authority to charge him for necessaries, which as a wrong doer, he shall not be permitted to repel. The principle is, that being bound to support and protect his wife, he cannot relieve himself from this obligation by his own wrongful act, but that if by his own improper conduct towards her, he drives her to seek support and protection from others, or justifies her in so doing, the law still holding him to his duty under the new circumstances which he has brought about, implies an authority from him to any one who may furnish at his charge, the necessary supplies or assistance, or an authority from him to his wife to procure them upon his credit. But the essential basis of this implication is, that the husband shall have wrongfully produced, or shall at least have assented to the separation which has rendered it necessary that the wife should receive from others the supplies or assistance which are essential to her support or protection. Hence it is laid down that if a tradesman deal with a wife separated from her husband, it is incumbent on him to make inquiry; that he trusts her at his peril, and that if he would make the husband responsible for the articles furnished, he must prove that the separation occurred under such circumstances as will render the husband *prima facie* liable.

The same principles apply to the case of legal assistance furnished to the wife. If the conduct of the husband towards her, makes it necessary that she should apply to the law for securing either protection or support, or if it be such as justifies her in so doing, the husband

BILLING
vs
PILCHER & HAUSER.

The instructions of the Circuit Court.

A wife who is wrongfully turned out of doors by her husband, carries with her an implied credit, and authority to charge her husband for necessaries.

Those who trust the wife who has separated from her husband; must look to the grounds of separation; they trust the wife on the

BILLING
vs
PILCHER & HAU-
SER.

credit of the hus-
band at their per-
il, if the separa-
tion of the wife
be not justifia-
ble.

will be chargeable for the expenses thus rendered neces-
sary by his own improper conduct. In the case of *Shep-*
*herd* vs *McKoul,* (3 *Camp.,* 326,) Lord Ellenborough
said: "if that proceeding (the exhibition of articles of
the peace,) was uncalled for, his wife could not make
him liable for the expenses thereby incurred. But if she
was turned out of doors in the manner stated, she carried
along with her a credit for whatever her preservation and
safety required. She had a right to appeal to the law for
protection, and she must have the means of appealing
effectually. She might, therefore, charge her husband
for the necessary expense of this proceeding, as much as
for necessary food and raiment." We have seen no case
and perceive no sound principle which sanctions the doc-
trine that the authority of the wife to bind the husband,
or the right of others who deal with her or render assis-
tance, to charge the husband, may be established either
by the mere representations of the wife, or by the credit
which those representations may gain with the persons to
whom she appeals. The authority rests not upon the re-
presentations of the wife, nor upon the credit given to
them, but upon the evidence of the facts upon which the
law gives the authority. In case of separation, good faith
requires that those who deal with the wife, intending to
charge the husband, should inquire from other sources,
whether the circumstances will authorize them to charge
him. And if they trust to the mere representations of
the wife, they do it at their peril. Whether the evidence
in this case would have authorized the jury to find for the
plaintiffs on the ground that their legal services rendered
to Mrs. Billing, were made necessary by the conduct of
her husband, we need not decide. The view which we
have taken of the law, satisfies us that the instruction
given to the jury placed the question of the defendant's
liability on a wrong basis, and withdrew from the jury the
real fact which their verdict should have decided.

Wherefore, without noticing other questions which will
probably not again occur, the judgment is reversed for the
error in the instruction given, and the cause is remanded
for a new trial in conformity with this opinion.

*Greene* for plaintiff; *Fry & Page* for defendants.