WILLIAMS
*vs.*
MONROE.

Case 9.

ORD. PET.

## Williams *vs.* Monroe.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. When the conduct of the husband is such toward his wife as to render it necessary to exhibit articles of peace against him, or to demand either *protection* or support from the husband, the husband is bound to pay the expenses incident thereto, in case she succeeds. (*Billings vs. Pilcher & Hauser,* 7 *B. Monroe.* 450.)

2. The husband is not bound, according to the common law, to pay the expenses of the wife incurred in a suit for a divorce. (*Wing vs. Harlburt,* 15 *Vern.* 607; *Dorsey vs. Goodman, Wright,* 120; *Shelton vs. Pendleton,* 18 *Conn.*; *Bishop on Marriage and Divorce,* 571.) This is changed by the *Rev. Stat. page* 208.

3. In suits for divorce as well as for alimony, the husband is now liable for the extraordinary expenses incurred in obtaining a divorce,

which includes a reasonable fee to her counsel as part of the costs of the suit, to be fixed and ascertained by the court where the divorce is granted. The attorney cannot maintain a suit against the husband for his services.

[The facts of the case are stated in the opinion of the court. REP.]

*Tho. A. Marshall and Fry & Speed*, for appellant—

The attorneys employed by Mrs. Williams could not maintain suits for their services rendered in behalf of Mrs. Williams. The allowance which the attorney of a woman who sues for a divorce and alimony is entitled to upon success, is to be adjudged to her as a part of the costs of the suit, and is to be made by the chancellor granting the prayer of the bill, and is not the grounds of a suit by the attorney or attorneys which she may employ.

*S. S. Bush*, for appellee—

The principle governing this case is clearly defined in the case of *Billings vs. Pilcher and Hauser*, 7 B. *Monroe*, 438. Though the facts of that case differ somewhat from the one now before the court, the principle announced is strictly applicable to it. In that case, the defendants in this court instituted suit for Mrs. Billings against Billings for divorce and alimony. Before decree obtained, reconciliation was effected, and the suit ordered to be dismissed. Pilcher and Hauser brought action against Billings for their fee for services rendered Mrs. B., in her action for divorce, &c.

The court said in this case, "that if the conduct of 'the husband towards her makes it necessary that she 'should apply to the law for securing either protec- 'tion or support, or if it be such as justifies her in so 'doing, the husband will be chargeable for the ex- 'penses thus rendered necessary by his own improper 'conduct." The law makes the husband's liability depend upon the necessity of the measure, and if that existed, Lord Ellenborough said she might charge

her husband for the expense of such services, as much as for necessary food or raimant. (*Sheperd vs. McKoul*, 3 *Camp*. 326.)

Where the wife exhibited articles of the peace against her husband he was held liable to pay the bill of the attorney whom she employed for this purpose. (10 *Ad. and El.* 47.)

The costs of the proctor employed by the wife to defend a suit for a divorce are chargeable to the husband. (*Ex party Moore* 1, *De Gex*. 173; *Bell vs. Bird*, *Sir. G. Lee's Eccl. Cases, vol.* 1, 209; *Beevor vs. Beevor*, 3 *Add*. 67; *see Bright on H. and W.* 8.)

The case of *Shelton vs. Pendleton*, 18 *Conn*. 417, is the only case we can find which conflicts with the decisions just quoted. In that case the court said that the attorney claiming his fee of the husband had looked for payment and gave credit to the wife alone, and for this reason the husband was discharged from liability. The whole case seemed to rest upon this point. In the present case, the slightest supposition could not arise that Monroe looked to Mrs. Williams for the payment of his fee, as she had no separate estate out of which to pay it. In the case of *Shelton vs. Pendleton*, the wife had a separate estate, and the contract between the attorney and wife, looked to a payment out of it.

The decree for divorce by the chancellor is evidence enough to satisfy this court of the necessity which existed to justify an appeal to the law. Then, if such necessity did exist, the husband, (Williams,) is clearly liable. The whole weight of both English and American decisions places it flatly upon the ground of necessaries which the husband is bound to provide for his wife, and this is deemed necessary.

The whole proof goes to show that the amount of Monroe's fee is reasonable and just.

Dec. 10, 1857.   Judge SIMPSON delivered the opinion of the court.

This action was brought in the Jefferson circuit court by Monroe against Williams for a fee of two

hundred and fifty dollars, which the plaintiff claimed that the defendant was liable for, on the ground that he had treated his wife with so much cruelty as to render it necessary for her to procure a divorce, which she had done, and that the plaintiff had, at her instance, acted as her attorney at law in the action which she had brought in the Louisville chancery court for that purpose. He also alledged that the labor and services rendered by him in that action, as an attorney at law, were reasonably worth the fee claimed by him.

The plaintiff recovered a judgment in the court below for the sum of two hundred and fifty dollars, and the question that arises on this appeal is, can the husband, according to common law principles, be made responsible for the fees of counsel employed by the wife, in an action brought and prosecuted by her for a divorce?

The doctrine is well settled that when the conduct of the husband towards his wife makes it necessary that she should apply to the law for securing either *protection* or *support,* the husband will be chargeable for the expenses thus rendered necessary by his own misconduct. Such is the case where the wife finds it necessary for her safety, to exhibit articles of peace against her husband, and also where she is compelled to seek a separate maintenance in the form of alimony. This doctrine was recognized in the case of *Billings vs. Pilcher and Hauser,* 7 *B. Mon.* 458. But in the cases mentioned, the marital relation still subsists between the parties, and the husband's liability arises out of the obligation which the law imposes upon him to support and protect his wife.

He is not, however, according to common law principles, liable to the legal adviser whom his wife may employ in prosecuting a suit for a divorce. The reason is that it is never necessary for her safety as *wife* to obtain a divorce from him, and when divorced absolutely, he is no longer under a duty to provide for her

1. When the conduct of the husband is such toward his wife as to render it necessary to exhibit articles of peace against him, or to demand either *protection* or support from the husband, the husband is bound to pay the expenses incident thereto, in case she succeeds. (*Billings vs. Pilcher and Hauser,* 7 *B. Mon.* 458.)

2. The husband is not bound, according to the common law, to pay the expenses of the wife incurred in a suit for a divorce. (*Wing vs. Harl-*

WILLIMS
vs.
MONROE.

*burt, 15 Vern. 607; Dorsey vs. Goodman, Wright, 120; Shelton vs. Pendleton, 18 Conn; Bishop on Marriage and Divorce,*571.) This is changed by the *Rev. Stat. page* 207.

support and protection. (*Wing vs. Harlburt*, 15 *Vern.* 607; *Dorsey vs. Goodman, Wright*, 120; *Shelton vs. Pendleton*, 18 *Conn.* 417; *Bishop on marriage and divorce, sec.* 571.)

There is thus a clear and manifest distinction between suits for alimony merely, and suits for a divorce. In the former, the wife seeks to live apart from her husband, for her safety and protection, in consequence of his wrong doing, and he does not thereby become absolved from his duty and obligations as husband. But her object in the latter, is to dissolve altogether the relation that exists between them, whereby he will be discharged from all his obligations as husband to support and protect her.

Although, however, there is no common law obligation on the husband to pay her legal advisers for services rendered by them, in an action brought by her to obtain a divorce, yet he is by statute made responsible for her costs in suits for divorce, as well as in suits for alimony. (*Revised Statutes, page* 207.)

3. In suits for divorce as well as for alimony, the husband is now liable for the extraordinary expenses incurred in obtaining a divorce, which includes a reasonable fee to her counsel as part of the costs of the suit, to be fixed and ascertained by the court where the divorce is granted. The attorney cannot maintain a suit against the husband for his services.

Inasmuch as this statutory provision applies as well to suits for alimony as for divorce, and as the husband is liable in the former, not only for her ordinary but also for her extraordinary cost, we think that he is liable under this statute for a reasonable fee to her counsel in a divorce case, as part of the cost of the suit. But as it is only as part of the cost that it can be allowed, and as the cost is a mere incident to the suit, its amount must be fixed and ascertained by the court in which the divorce was granted, and allowed as part of the wife's cost in the action.

Consequently, the plaintiff cannot maintain this action against the husband, but will have to apply to the Louisville chancery court for an allowance for his services, as part of the costs of the action in the divorce case.

Wherefore, the judgment is reversed, and cause remanded, with directions to sustain the defendant's demurrer to the plaintiff's petition.