JUDGE HARDIN
delivered the opinion op the court:
In this suit, which was brought by the appellant against her husband for a decree of separation and for alimony, the plaintiff alleged in her petition, that shortly before the institution of her suit, the defendant, “ in a Jit of *683 anger, drove her away, and told her to take her things and leave, which she did.” She further alleged, as inducing causes of unhappy relations between herself and husband, and resulting in her separation from him, various facts, importing a charge of illicit intimacy between the defendant and a woman who had been an inmate of his house, and other reprehensible conduct on his part, particularly in upholding and taking part with said woman in quarrels with the plaintiff and her daughter, Miss Summers.
The court, on the motion of the defendant to strike surplus matter from the petition, directed a commissioner to strike out of the same “ all the redundant and unnecessary matter, and all except the necessary allegations ; ” and this order, as executed, resulted in striking out most of the specific averments of the petition which we have referred to.
The defendant answered the remaining part of the petition, and, after a somewhat elaborate preparation, the cause was, on final hearing, dismissed, and from that judgment this appeal is prosecuted.
The relief sought by the plaintiff in this case does not necessarily depend on the existence of any of the causes for granting a divorce under the provisions of section 1 of article 3 of chapter 47 of the Revised Statutes; but the proceeding is governed by the 6th section of said article, which is as follows :
“Decree for separation or divorce from bed and board may also be rendered for any of the causes which allow divorce, or for such other cause as the court, in its discretion, may deem sufficient. Pending an application for any divorce, the court may allow the wife maintenance. Upon final decree of divorce from the bond of matrimony, the parties shall be restored such property, *684 not disposed of at the commencement of suit, as either obtained from or through the other before or during the marriage in consideration' or by reason thereof; and if the wife have not sufficient estate of her own, she may, on a divorce obtained by her, have such allowance out of that of her husband as shall be deemed equitable.”
Although a wife who abandons her husband without any reasonable cause, and of her own voluntary choice lives separate and apart from him, is not entitled to an allowance against him for her support, as was decided in the case of Lee vs. Lee (1 Duvall, 196), yet the husband, being bound to support and protect his wife, cannot relieve himself from this obligation by his own wrongful act; and if, by his improper conduct towards her, he drives her from his home, or by the impropriety of his conduct or deportment his house is rendered unfit for her residence, and she thereupon removes and lives apart from him, the law will hold him bound to maintain her as his wife, notwithstanding her constrained separation from him. (Henderson vs. Stringer, 2 Dana, 292; Billing vs. Pilcher & Hauser, 7 B. Mon., 458; Bright on Husband and Wife, vol. 2, page 11.)
And although no legal cause of divorce may have existed in this case, the right of the appellant to a decree of separation and alimony, which the law would have afforded to her before the adoption of the Revised Statutes, is not impaired, but recognized by the section which we have quoted. The court is thereby authorized to adjudge a separation or divorce from bed and board for any such cause as it may, in its discretion, deem sufficient. Of course the discretion thus conferred is not to be understood as arbitrary or unlimited, but a sound, legal discretion, and only to be exercised for such causes as may be deemed sufficient, when consid *685 ered with a just and reasonable regard to the legal rights and obligations of both parties.
The plaintiff had a right to allege and prove, under our system of practice, the facts constituting her cause of action; and if the statements of her petition which were stricken out were alone, or in connection with the other allegations, sufficient, if true, to entitle her to the relief she sought, the court, in our opinion, erred in causing said statements to be stricken out.
We have but briefly referred to the statements of the petition which were stricken out. Without extending, this opinion by a recital which is deemed unnecessary, it may suffice to say that we regard the facts alleged in the petition, as originally presented, if true, as sufficient to entitle the plaintiff to the relief which she sought.
It seems to us, therefore, that the order striking from the petition part of the allegations thereof was erroneous, and that the judgment should, therefore, be reversed.
Wherefore, the' judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.