GEORGE D. BULEN v. JAMES P. BURROUGHS AND HERMAN L. PIERSON.

*Payment—Evidence of breach of warranty.*

1. A vendor cannot dispute that he has received the assignment of a mortgage in payment where the facts are that he himself proposed to accept it as such, and has referred to it in the negotiations as payment, reserving only the right to satisfy himself as to the value of the security ; has had a reasonable time and opportunity for making such examination; and has finally notified the purchaser that he must make up any deficiency.

2. Evidence of a breach of the warranty of securities received in payment is inadmissible in an action of assumpsit as for the amount to be paid.

Error to the Superior Court of Detroit. (Chipman, J.) April 16.—April 23.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Levi T. Griffin* for appellant, on the question of payment, cited *Maze v. Miller* 1 Wash. C. C. 328; *Dorman v. Wilson* 39 N. J. L. 474; *Downie v. Hicks* 14 How. 240; *The Kimball* 3 Wal. 37; *League v. Waring* 85 Penn. St. 244; *Smith v. Holland* 61 N. Y. 635; *Roberts v. Fisher* 43 N. Y. 159; *Vallier v. Ditson* 74 Me. 553; *Whiting v. City Bank* 89 N. Y. 604; *Knapp v. Fowler* 30 Hun 513; *Palmer v. Henry* 1 Cliff. 63.

*John Atkinson, Long & Gold* and *Isaac Marston* for appellees.

SHERWOOD, J. The declaration in this case is upon the common counts in assumpsit. Plea, general issue.

On the 29th of October, 1879, Noye & Sons of Buffalo, New York, proposed in writing to furnish to the defendants at Flint in this State, a quantity of mill machinery for the sum of $4872.50, to be paid for as follows: cash, $1672.50; in a first mortgage on real estate in Seneca county, New York, $2000; and the defendants' note for the balance of $1200. The defendants accepted the proposition with the understanding that the mortgage in Seneca county referred to should, upon investigation, prove to be satisfactory to Noye & Sons.

The most of the machinery was delivered to the defendants prior to February, 1880, and no question is made as to the delivery of the rest afterwards.

On the 11th of February, Noye wrote requesting defendants to send on the mortgage. The defendants replied, February 25th, inclosing a check for $1500, and a description of the mortgage, which included the book and page of the record of the same, and a statement of the quantity of land

and improvements, and that the interest had been paid promptly. Three days thereafter Noye & Sons acknowledged the receipt of the letter.

On the 24th of March following, after all the machinery had been delivered, Pierson went to Buffalo, with the mortgage duly assigned, to settle the business with Noye & Sons. He was referred by them to Mr. Kellogg, their bookkeeper, with whom to transact the same. The mortgage matured two years sooner than the defendants had represented in the letter of February 25th, and Mr. Kellogg referred the matter to a member of the firm of Noye & Sons, who informed Mr. Pierson and the bookkeeper that it made no difference, if the mortgage was all right. Kellogg then made a statement of the account, debiting the defendants $4882.50, and crediting them as follows:

| | | |
|---|---|---|
| Cash . . . . . . . | $1500 | 00 |
| One-half of freight bill . . . . | 68 | 37 |
| Assignment of mortgage . . . . | 2120 | 00 |
| Six months' note to balance . . . . | 1194 | 13 |
| Total . . . . . | $4882 | 50 |

Settled as above.                   JOHN T. NOYE & SONS,
                                              Kellogg.

Noye & Sons on same day sent the assignment forward for record, requesting the clerk of Seneca county to inform them as to the value of the property. On the 5th of April the clerk wrote them that he was informed $1200 would be a fair value for the property, and on April 25th said it was worth $1500. April 6th, Noye & Sons wrote defendants that they should expect them to make up any deficiency arising from the property, and on the 21st of May following sent to the defendants the mortgage and demanded the amount of money they had been credited for it. This demand not being complied with, Noye & Sons transferred their interest to the plaintiff, who brings this suit, and thereupon the defendants tendered back the mortgage. The cause was tried in the Superior Court of Detroit, and after the testimony was given the court directed a verdict for the defendants.

We think this ruling of the judge of the Superior Court

was correct. The declaration is for goods sold and delivered and not upon a warranty that the security turned out upon the indebtedness was good for the amount for which it was received; and the only question of importance in the case is, Was the mortgage received as payment to the amount for which it was turned out? This, of course, depends upon the fact whether it was so accepted by Noye & Sons or not. The uncontradicted evidence upon that point is that Noye & Sons were to receive the mortgage mentioned as part payment for the machinery. In their letter of October 29th, 1879, they propose to take the mortgage in payment; and in the letter dated May 21st, 1880, in stating how they received the mortgage, say: "We bound ourselves to accept in part payment of the consideration of the contract a first mortgage on farm in Fayette, Seneca county, N. Y., for $2000." The plaintiffs' assignors having thus told what they meant in the contract by the language used, precluded any other or different construction.

The only thing Noye & Sons reserved was that they might satisfy themselves as to the mortgage. To enable them to do so, and make investigation, memoranda describing the mortgage and containing reference to the record of the same, were sent to Noye & Sons when called for by them, and three weeks thereafter the defendant Pierson called on Noye & Sons, at the office in Buffalo, for a settlement of the transaction. They did so, and as evidence of the same and the terms thereof, they received from Noye & Sons the statement above given, and sent the assignment to the clerk's office in Seneca county for record.

A reasonable time seems to have been taken before the settlement to satisfy Noye & Sons as to the mortgage, and if so, it was their duty to ascertain the nature and character and sufficiency of the mortgage, and after making the settlement stated I think they should be held conclusively presumed to be satisfied with the mortgage. But whether this should be so or not, it is certain that if they still had a right to return the mortgage and demand payment of the amount thereof in money, they waived that right by their letter of

April 6th, wherein they state that they shall expect the defendants to make good any deficiency, and "this is to notify you we shall look to you for payment;" and in that letter elected to hold defendants for any loss or deficiency under the contract.

This being the case, the proofs offered by plaintiff's counsel tending to show a breach of warranty were inadmissible and properly rejected by the court. The facts showed the plaintiff could not recover under his declaration, and the judge of the Superior Court committed no error in taking the case from the jury.

The judgment must be affirmed.

The other Justices concurred.