## PLACE *v.* PLACE.

139    509
156    561

1. LIMITATION OF ACTIONS — INTERRUPTION — SUFFICIENCY — ADVERSE POSSESSION.

Under section 9721, 3 Comp. Laws, mere disturbance of the possession of one claiming land is not sufficient to interrupt the running of limitations once begun.

2. ESTOPPEL—PLEADINGS.

The fact that defendant filed a petition for alimony, in which she stated that plaintiff owned the land in controversy, does not estop her from asserting title to such property, where the alimony was not granted.

3. TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.

An instruction on the credibility of a party as a witness which improperly assumes that he was guilty of perjury in a prior suit is reversible error.

4. SAME—HARMLESS ERROR.

A judgment will not be reversed for error which would have been corrected at the time but for appellant's failure to call the court's attention to it.

Error to Oceana; Russell, J. Submitted February 8, 1905. (Docket No. 108.) Decided March 28, 1905.

Ejectment by Hiram B. Place against Elizabeth Moe Place. There was judgment for defendant, and plaintiff brings error. Reversed.

*Hartwick & Skeels*, for appellant.

*W. D. Fuller*, for appellee.

CARPENTER, J. The parties to this suit were formerly husband and wife. September 26, 1887, plaintiff obtained a divorce from defendant on the ground of desertion. Prior to 1885 the property in controversy was occupied by these parties as their homestead. Since that time defendant has resided thereon, and plaintiff has resided else-

where.   The legal title is in plaintiff, and on the 21st day of July, 1903, he commenced this suit in ejectment to recover possession.   Defendant claims to have acquired title by adverse possession.   Whether she had so acquired title constitutes the sole issue in this case.

Plaintiff contends that there was no testimony warranting the finding of an adverse holding.   He insists that according to the testimony the adverse holding did not commence to run until October, 1888 (less than 15 years before the commencement of suit), and that thereafter defendant acquiesced in plaintiff's claim of the right to control the property.   Defendant's testimony warranted the jury in finding that the adverse holding commenced more than 15 years before the commencement of suit, viz., in October, 1887.   She testifies that at that time plaintiff gave her the property, and that thereafter she has claimed the place as her own, and exercised full control over it. While it appears that during these 15 years plaintiff exercised rights of ownership over portions of the property, it is none the less true that, if defendant's testimony is credited, she never acquiesced in any of these acts.   If she did not, these disturbances of her possession would not interrupt the running of the statute of limitations. See section 9721, 3 Comp. Laws, which reads:

" No person shall be deemed to have been in possession of any lands, within the meaning of this chapter, merely by reason of having made an entry thereon, unless he shall have continued in open and peaceable possession of the premises for at least one year   *   *   *   or unless an action shall be commenced upon such entry and seizin, within one year after he shall be ousted or dispossessed of the premises."

See *Donovan* v. *Bissell*, 53 Mich. 464.   This section not only answers the complaint under present consideration, but it affords a complete answer to many other assignments of error discussed in plaintiff's brief.   We conclude, therefore, that there was evidence which justified the finding of an adverse possession.

In 1896 defendant filed a petition for alimony in the divorce proceedings, in which she stated that plaintiff owned the property in controversy. No alimony was granted on this petition, and therefore the trial court very properly refused to charge the jury, as requested by plaintiff, that this statement estopped defendant from asserting title.

In charging the jury, the court said:

" In order to obtain a divorce on the grounds of desertion, complainant must show that defendant left him and refused to live with him for fully two years," and that he gave this instruction as bearing upon the question "as to whether this plaintiff at the time of that suit was guilty of the crime of perjury;" that "*   *   * you might take that fact into consideration as bearing upon the credit that might be given or should be given by you to his testimony in this case."

In giving this charge the trial court assumed that the plaintiff testified in his divorce case that defendant *left* him. There is nothing to show that he so testified, and this assumption is unfounded unless plaintiff could not get his divorce without so testifying. I think he could get his divorce without so testifying. Defendant could desert plaintiff without leaving the matrimonial home. See *Warner* v. *Warner*, 54 Mich. 494. If plaintiff testified, as he swore he did, that defendant had not lived or cohabited with him for two years and six months, and if it also appeared, as consistently with this record it might, that defendant wrongfully refused to live with plaintiff as his wife, and insisted on his leaving her, a decree of divorce on the ground of desertion might have been granted. See 1 Bishop's Mar. Div. & Sep. § 1711; *Daeters* v. *Daeters* (N. J. Ch.), 38 Atl. 950; *Harding* v. *Harding*, 22 Md. 337; *Kinsey* v. *Kinsey*, 37 Ala. 393; *Shrock* v. *Shrock*, 67 Ky. 682; *Warner* v. *Warner*, supra. There is therefore no testimony in the record tending to prove that plaintiff committed perjury in the divorce suit. The charge in question was prejudicial, for much depended

upon the credibility which the jury might attach to defendant's testimony.

The trial court, in narrating defendant's testimony to the jury, misstated it, to plaintiff's prejudice. We do not refer to this as reversible error, for, according to proper practice, plaintiff should have corrected it at the time. See *Smith* v. *McDonald*, ante, 225. It is merely mentioned to guard against a similar mistake on a new trial.

We do not think that for the purposes of a new trial any other complaint demands discussion.

Judgment reversed, and a new trial granted.

MOORE, C. J., and MCALVAY, GRANT, and BLAIR, JJ., concurred.