### WILLIAM SMITH v. JANE SMITH.

*Replevin by husband for household goods.*

1. A Michigan wife has special statutory rights in such household goods as would be exempt from execution; and if her husband leaves her he cannot get possession of them by writ of replevin, even if they consist of books, a shot-gun and a revolver.

2. Replevin cannot be made to lie on a demand which, when made, was in violation of the injunction of a court of competent jurisdiction.

Error to Muskegon. (Russell, J.) Jan. 23.—Feb. 6.

REPLEVIN. Defendant brings error. Reversed.

*Cook, DeLong & Fellows* for appellant.

*A. B. Allen* for appellee.

CAMPBELL, J. Plaintiff replevied from defendant, who is his wife, a number of items of household furniture which he had left in her possession in the dwelling which they had occupied jointly as a boarding-house, and which he departed from. The value of the articles was less than $100, and the jury found the important facts referred to specially. The court below held that if the parties were not living together when suit was commenced, and if defendant was owner of $1200 worth of property of her own, and was not using this property for household purposes, plaintiff could recover. The jury found a general verdict for plaintiff, with several special findings which bear, as it is claimed, somewhat differently. They found expressly that the parties were husband and wife; that all of the property had been used by them as household goods while they lived together; that plaintiff left it in defendant's possession; and that when this suit was begun he had been enjoined at her suit from taking or interfering with it.

By section 7686 of Howell's Statutes the household goods, furniture and utensils of a householder and some other things are exempt from execution to a considerably larger amount than the sum involved here. By the same section a mortgage made by the husband on such property is void without the wife's signature; and by § 6297 she is allowed to sue for such exempt property as if it were her separate property.

Without considering the important questions presented, touching the power of a husband to sue his wife in such an action as this, we think that he cannot take away the household furniture over which the wife has been granted such particular rights. It would be a very singular thing if he could abandon his wife and household, and get rights by his wrong-doing which he could not exercise while performing his duty. We think that when he leaves his household, and leaves his wife in possession of the property, he cannot deprive her of that possession in this way. Neither do we think that he can found a right of replevin on a demand which was, when made, in direct violation of the injunction

of a court of competent jurisdiction. Such an act cannot be the basis of any legal right against the wife.

It is claimed that the articles taken consisted partly of a few books, a shot-gun and a revolver, and that these are not household goods. We are not prepared to say that arms may not be so included, and we can see no reason why books may not be. The jury found that all belonged to the same category.

As the facts found by the jury negatived any right in plaintiff to recover, and showed a clear possessory right in defendant, it would be useless to consider the other questions in the case. In our opinion the judgment should be reversed with costs and judgment rendered for defendant for a return. The case is not one for a new trial.

The other Justices concurred.