## WILLIAM WARNER v. HELEN WARNER.

*Separation and desertion—Extreme cruelty.*

1. Separation of married persons differs from desertion of one by the other; desertion, in Michigan, is willful abandonment for two years without cause and against the wish of the person abandoned, and it may even be charged upon the one who stays at home.

2. A wife who leaves her husband for cruelty which she reasonably believes makes further residence with him unsafe, is not chargeable with desertion ; but *he* is.

3. It is extreme cruelty for a husband to call a sensitive and refined wife a bitch.

4. The Supreme Court will not disturb a decree dismissing a divorce bill unless fully convinced that if it had been in the place of the trial court it must have come to a different conclusion.

Appeal from Van Buren. (Mills, J.) June 10.—Sept. 23.

DIVORCE bill. Complainant appeals. Affirmed.

*Annable & Fitch* for complainant.

*Lester A. Tabor* for defendant.

SHERWOOD, J. The parties in this cause were married in February, 1878. They resided in Van Buren county, and had for many years prior thereto. The complainant was sixty-four years old, a widower, and lived upon his farm near the village of Lawton, with his daughter and an aged mother. The defendant was a widow, fifty-eight years of age, owned a house and several lots in Lawton, but resided in Paw Paw, and kept house there with a minor son nearly of age. The mother of complainant was about ninety years old, could scarcely get about upon crutches, was very gross and insulting in her language and conduct, and in consequence of a dislocated hip and other weaknesses and her restless disposition, required much attention and great patience and forbearance in caring for her. After their marriage the

complainant took the defendant to her home upon his farm,. he having taken her son into his service there several weeks before. The parties continued to reside together upon com-- plainant's farm until about the 5th or 6th day of March,. 1880, when they separated, the defendant leaving the com- plainant, who, on the 28th day of August, 1882, filed his bill against the defendant for divorce, alleging as the ground. thereof that defendant had deserted him.

The defendant filed her answer to the complainant's bill,. denying the desertion, or that she left the complainant with- out reasonable cause. She avers that the complainant is and' was, when married, the owner of two good farms, one in the state of New York and the other in this State; that he represented his property to be worth $10,000; that he was- amply able to support them in a respectable manner; that he would do so; and that her son should live with them until he chose to go for himself. And defendant further avers. that, when she went to live with complainant, she took with her all her beds, bedding, table linen, and furniture, put the same into immediate use in the family of complainant, and continued so to use the same until much of it was. worn out,. which he refused to replace. She further claims, and the testimony tends strongly to show, that the complainant promised defendant that he would make repairs upon her house in Lawton, and after the first year would go and live there with her, which he subsequently refused to do. The answer further avers that the complainant refused to furnish defendant with suitable clothing and other necessaries; that during the four years of their marriage he let her have less than eleven dollars for that purpose; that very soon after their marriage complainant and his mother commenced to ill-treat the defendant and her son; drove the son away from their house; was in the habit of cursing and swearing at defend- ant, calling her vile and wicked names, and so cruelly treated her that he threatened her with personal injuries even to the taking of her life; that his abusive conduct was frequently exhibited towards her in the presence of her son and other persons; that she endured his cruelties and neglects for over

two years, and until she found that they were greatly impairing her health, making her life a burden, and that there was no hope of reform, and then left the complainant; that, as she left him, with an oath he called her a bitch and told her to go. She further avers that while she lived with him she treated him kindly and in a manner becoming a good wife; that he never had any cause for his ill-treatment; that it was solely for the protection of her life and health that she left him; and that he has never since expressed a wish or desire that she should return and live with him.

The testimony was taken in open court, and is voluminous, both parties being sworn in the case. After a patient hearing and careful examination of the testimony, Judge Mills refused to grant a decree of divorce, and dismissed complainant's bill. We think he decided correctly. Separation is not necessarily desertion. The latter may not arise until long after the former has occurred. *Reed v. Reed* Wright 224; *Ahrenfeldt v. Ahrenfeldt* 1 Hoff. Ch. 47: *Clement v. Mattison* 3 Rich. (S. C.) 93; *Fellows v. Fellows* 31 Me. 342. And when separation and desertion occur at the same time, the guilty party is not always the one who leaves the matrimonial home. *St. John v. St. John* Wright 211; *Cossan v. Cossan* id. 147; 2 Dane's Abr. 308; Bish. Mar. & Div. § 514. Desertion, under the statute, is the willful abandonment of one party by the other without cause, and against the will of the party abandoned, for the period of two years. If the husband's conduct is so cruel towards his wife that she cannot live and cohabit with him with safety to her health or without peril to her life, or if she has good reason to believe she cannot, and for such reason she leaves him and abandons his home, she does not thereby commit the crime of desertion. In such case she does not leave her husband or her home in consequence of any willfulness on her part, but is compelled by the cruelty of her husband, and against her will, so to do. The desertion in such case is upon his part, and not upon hers. He as completely commits the crime of desertion when, by his cruel conversation and conduct, he compels her for safety to leave him and his home, as when he willfully

and without cause leaves and abandons her. In all such cases the husband is guilty of the crime or misconduct he charges against the wife, and of course cannot have a decree. How. Stat. § 6232.

We have examined the testimony in this case with care, and find very many of the averments contained in the answer sustained by the proofs, particularly those relating to the cruel language and conduct of complainant towards his wife. His parsimoniousness is also quite apparent. The language used by complainant to defendant, so far as the record shows, appears to have been without cause or provocation—intolerable among decent people—and clearly, under the decisions of this Court, constituting extreme cruelty. *Whitmore v. Whitmore* 49 Mich. 417; *Palmer v. Palmer* 45 Mich. 150; *Briggs v. Briggs* 20 Mich. 34; *Bennett v. Bennett* 24 Mich. 482; *Goodman v. Goodman* 26 Mich. 417.

The defendant, as shown by the testimony, is a sensitive woman of good taste, culture and refinement. To her such language and treatment is the worst kind of cruelty. She endured it until it not only destroyed the comfort and happiness of her home, but threatened her health, and there was no hope of change. No rule of law or equity would compel her to remain longer with the complainant, and by leaving him she did not incur the penalty of giving her guilty husband cause for divorce. The circuit court evidently took this view of the case, and I fully agree with Chief Justice Graves in his remarks in the case of *Nicholas v. Nicholas* 50 Mich. 162, when he says the appellate tribunal ought to be fully persuaded that it must have reached a different conclusion had it occupied the position of the court appealed from and been favored with all the advantages of that court for judging rightly, before overruling the decree made.

We shall not attempt to give a synopsis of the testimony, nor is it necessary to comment further upon it in disposing of the case. We will say, however, that a review of the evidence and arguments of counsel has only confirmed our conviction of the justice of the decree rendered by the circuit judge, which must be affirmed, with costs, and in addi-

tion thereto the complainant must pay to the defendant the sum of $500, within ninety days after the entry of the order therefor, as alimony pendente lite.

The other Justices concurred.