EDWARD E. WOOLLEY v. EDGAR A. CRANE.

*Writ of error—Appointment of administrator.*

Proceedings for the appointment of an administrator cannot be reviewed on writ of error. *Brinsmade's Appeal,* 52 Mich. 538.

Error to Kent. (Burch, J.) Argued May 21, 1891. Decided June 5, 1891.

Petition for appointment of administrator. Contestant brings error from judgment affirming order of probate court. Writ of error dismissed. The facts are stated in the opinion.

*Smiley & Earle,* for appellant.

*Fletcher & Wanty,* for petitioner.

LONG, J. Mary Adele Crane died intestate, April 18, 1890, at Grand Rapids, Kent county, this State. She left no mother, brother, sister, child, or issue of a deceased child surviving, but left a father, who resided in Clinton county at the time of her death.

She left some personal estate, and, no proceeding hav-

ing been taken by the heirs at law within the 30 days provided by How. Stat. § 5849, as amended by Act No. 68, Laws of 1889, Edward E. Woolley petitioned the probate court for Kent county on May 24, 1890, for the appointment of the Michigan Trust Company as administrator of her estate. The proper notice was given of the hearing of this petition, and the contestant, Edgar A. Crane, appeared in probate court, and objected to the appointment of an administrator for the reasons:

1. That deceased at the time of her death was not a resident of Kent county, but resided in and was an inhabitant of Kalamazoo county.

2. That the petitioner was not at the time of making the petition a creditor of her estate, nor in any way interested therein.

3. That the deceased left surviving her, as her only heir at law, her father; and that since her decease the heir at law sold and assigned his entire right, title, and interest in the estate to the contestant; and that, previous to the filing of petition, the contestant paid and satisfied all claims against the estate, so far as he was informed there were any claims, or arranged satisfactorily to the claimants to pay them.

4. Because the court had no jurisdiction of the subject-matter.

5. Because there is no one before the court, as petitioner or otherwise, seeking the assistance of the court, who has any right or interest in having the estate probated.

6. Because Edgar A. Crane is the only person interested in the administration of the estate, and when the same is probated he will insist on naming the administrator.

Upon the petition the Michigan Trust Company was appointed administrator, and Mr. Crane appealed from that order to the circuit court for the county of Kent, setting up as grounds for the appeal the reasons stated here, and also that the Michigan Trust Company is not one of the parties entitled by law to be appointed administrator. A hearing was had in the circuit court before

a jury, and upon special questions put to them they found:

1. That the deceased was at the time of her death a resident of Kent county.

2. That Mr. Woolley, the petitioner, was a creditor of the estate at the time of filing the petition for the appointment of an administrator.

The court thereupon entered a judgment affirming in all things the order made in the probate court. Mr. Crane, the contestant, brings the case to this Court by writ of error.

Upon the hearing here it is contended by the attorneys for the petitioner that the case is improperly in this Court, that it is not a proceeding according to the course of the common law, and therefore the writ of error is not the proper remedy. We think this position well taken. It was said by Mr. Justice CAMPBELL in *Brinsmade's Appeal,* 52 Mich. 538:

"That a writ of error is only allowable to bring up such controversies and questions as are according to the course of the common law.   *   *   *   Where no such issue is involved as could ever be a common-law question, the relief must be had by some other process."

The appointment of an administrator, and the questions involved in such a contest, cannot be said to be a proceeding according to the course of the common law. The case is so fully ruled by *Brinsmade's Appeal, supra,* that we need discuss none of the other questions involved.

The writ of error must be dismissed, with costs to the appellee.

MORSE, McGRATH, and GRANT, JJ., concurred. CHAMPLIN, C. J., took no part in the decision.