## JOHNSON *v.* JOHNSON.

| 125 | 671 |
|-----|-----|
| 156 | 561 |

HUSBAND AND WIFE—SEPARATION—HOUSEHOLD GOODS.

*A wife, on leaving her home for alleged misconduct on the part of her husband, cannot take from the homestead household goods without his consent. The court of chancery alone has jurisdiction to determine, in a divorce case, how much of the husband's property should be decreed to the wife.

Error to Eaton; Smith, J. Submitted December 6, 1900. Decided February 12, 1901.

Replevin by Peter R. Johnson against Lucy M. Johnson, Marion Porter, and Mildred Porter. From a judgment for defendants, plaintiff brings error. Reversed.

Plaintiff and defendant Lucy are husband and wife. Both had been married before. She had several children by her former marriage. He had none. At the time of the trial, he was 79 years old, and she 64. When the difficulty arose between them, they had been married and lived together 8 years. The defendant Mildred Porter is the daughter of defendant by her former marriage. Defendant Marion Porter is her husband.

* Head-note by GRANT, J.

At the time they separated, she took with her some of the household goods. In removing the goods she was assisted by the other defendants. Plaintiff brought this action of replevin to recover the goods. The theory of the plaintiff is that the wife, on separating from her husband, cannot take any of the household goods from his home. The theory of the defendants is that the plaintiff's wife was driven from his home by such cruel conduct and the use of such vile language that it was not safe for her to remain longer with him, and that his acts in driving her from him amounted to desertion on his part. The case was submitted to the jury on the latter theory, who found a verdict for the defendants. Plaintiff admits having used towards her vile and opprobrious epithets. The testimony on the part of the defendants, if believed by the jury, supports the conclusion that she was justified in leaving him, that it was not safe for her to longer remain, and that he told her to take her things and depart. It is not necessary to state the testimony in detail.

*W. A. Coutts* and *Garry C. Fox*, for appellant.

*J. M. C. Smith* and *Powers & Stine*, for appellees.

GRANT, J. (*after stating the facts*). The question presented is, Can a husband maintain replevin against his wife for goods taken by her from his home, where his treatment was such as to justify her leaving him, and would amount to desertion on his part? It was decided in *Smith* v. *Smith*, 52 Mich. 538 (18 N. W. 347), that the husband cannot maintain replevin for such goods when he has abandoned his wife. In *Warner* v. *Warner*, 54 Mich. 492 (20 N. W. 557), it was held that, under circumstances similar to those in the present case, the husband, and not the wife, was guilty of desertion. These cases, however, do not touch the question now presented. The court of chancery alone has jurisdiction in divorce cases, and the determination of how much of the husband's property shall, upon a divorce obtained by the wife, be

decreed to her.  She cannot, on leaving the home for alleged misconduct on his part, take from the homestead the household goods, without the consent of her husband. There was evidence tending to show that plaintiff gave permission to his wife to take away the property.  If this was so, she was rightly in possession, and he could not maintain replevin for it, at least without demand.

Judgment reversed, and new trial ordered.

The other Justices concurred.