M. B. WEAVER ET AL. v. S. E. MANLEY ET AL.

Decided April 17, 1907.

**Divorce—Partition—Intervention.**

In an action for divorce and for partition of land between plaintiff and defendant, others claiming an interest in the lands sought to be partitioned should be permitted to intervene in that branch of the case.

Appeal from the District Court of Kaufman County. Tried below before Hon. J. E. Dillard.

*Lee R. Stroud,* for appellants.

No briefs for appellees were on file.

FISHER, CHIEF JUSTICE.—S. E. Manley instituted this suit against D. J. Manley for divorce, and also to recover title to a part interest in certain lands described in her petition, and for partition of the same between herself and defendant, D. J. Manley. Appellants in this case, Weaver and others, intervened in that suit, and set up and claimed an interest of 200-280 in the tract of land sought to be partitioned, alleging that 80-280 interest belonged either to the plaintiff or the defendant, or both.

Plaintiff and defendant filed a general demurrer to the petition of interveners, which was sustained by the trial court and the intervention dismissed. The petition of intervention sets up and alleges a title to the interest of the lands sued for, and requests that they be permitted to participate in the partition and division, and that their interest be set aside and allotted to them. The petition states a cause of action, and it affirmatively appears from the averments that the interveners are proper and necessary parties to the partition, provided the facts alleged are true.

No reason appears of record why the trial court sustained the demurrer and dismissed the plea of intervention. There is nothing in the statute regulating proceedings for divorce that would prohibit a joint owner of lands that might be in controversy between the husband and wife to become a party to a proceeding looking towards the partition of such lands. Of course, the general principle is that where the purpose is to partition and divide the common property among the co-owners, all having an interest are necessary parties; and we see no reason why, so far as the purpose of partition is concerned, the interveners should be denied the right to become parties to the suit. Of course, they have no interest in the proceeding merely

looking to a divorce, and the decree of the trial court upon that subject will not be disturbed; but so much of the decree as sustains the demurrer and dismisses the interveners' cause of action that seeks partition will be reversed.

*Affirmed in part and reversed and remanded in part.*