PRICE *v.* KENT CIRCUIT JUDGE.

MANDAMUS — HUSBAND AND WIFE—DIVISION OF PROPERTY — DIVORCE—APPEAL AND ERROR.

An order in divorce proceedings awarding to the wife possession of certain furniture will not be set aside in mandamus when it does not appear to be unjust and the legal right to the possession under the order is reviewable on appeal, as from a final order.

Mandamus by W. Claude Price to compel Willis B. Perkins, circuit judge of Kent county, to vacate an order granting a temporary injunction. Submitted December 14, 1909. (Calendar No. 23,447.) Writ denied February 3, 1910.

*Colin P. Campbell,* for relator.

*Dunham & Phelps,* for respondent.

Hooker, J. The relator's wife filed a bill for divorce against him, and while living in a house rented and furnished by him she obtained an order for the payment of $5 per week for the maintenance of herself and child. He was enjoined from selling the furniture. Subsequently the wife secured other apartments, and moved or attempted to move the furniture, some of which belonged to the husband, to such place. The court afterwards modified the injunction, and then the parties attempted to adjust the matter as to the furniture, but, failing in this, relator's solicitor prepared an order for the modification of the injunction, and secured the signature of the judge thereto. The brief for relator states that subsequently an order was made setting aside said former order and ordering substantially all of the furniture back into the hands of the wife, and relator asks that this order be set aside on the ground that the husband and not the wife "has the right to the possession of the personal property which has been used by himself and wife in and about their housekeeping operations after their separation." The last order made recites that the former order was made under a mistake of fact, and states that the furniture, being in a house rented by defendant (relator) prior to the separation, was removed to rooms afterwards rented by complainant, and that such furniture was necessary to her use; some of it being her own property. We are disinclined to interfere in this matter, as there is nothing to indicate that the order complained of is not just; and we may well deny the

writ when it is not required to be issued in furtherance of justice.

Again, if the relator has an absolute legal right to the possession of this property, notwithstanding the provisions of 3 Comp. Laws, § 8686, which seem to authorize the courts to make such orders as that complained of, it would seem to be a final order, reviewable on appeal, as are orders giving receivers possession of individual property *pendente lite*, and therefore not to call for interference by mandamus. We have not overlooked the case of *Johnson* v. *Johnson*, 125 Mich. 671 (85 N. W. 94), which involved no order of the court of chancery.

The writ is denied, with costs.

MOORE, McALVAY, BROOKE, and BLAIR, JJ., concurred.