PEOPLE *v.* STEELE.

1. CRIMINAL LAW — ABANDONMENT — DESERTION — HUSBAND AND WIFE—ELEMENTS OF OFFENSE.

In a prosecution under 2 Comp. Laws 1915, § 7789 *et seq.,* charging defendant with having deserted and abandoned his wife and children without providing proper shelter, food, care, and clothing for them, undisputed testimony that, on defendant's informing his wife that he had contracted a venereal disease she immediately took the children and went to live with her parents, that he agreed to pay her a certain sum weekly but made only a few payments, that later he wrote her he was cured and frequently importuned her to return and re-establish their home which she refused to do, *held,* insufficient to justify his conviction, there being no desertion or abandonment within the meaning of the statute.

2. SAME—DEFINITION.

Abandonment or desertion under the statute means to separate from wrongfully without intention of again resuming marital relations.

3. SAME—INFORMATION—ELEMENTS OF OFFENSE—CONCURRENCE.

Where the abandonment is charged as of the date of the separation, and the undisputed evidence shows that defendant's refusal and neglect to provide for the support of his family took place some months later, his conviction could not be sustained, since, under the statute, to constitute the offense, the abandonment and refusal or neglect to provide must concur.

Exceptions before judgment from Van Buren; Des Voignes (L. Burget), J.   Submitted April 14, 1922. (Docket No. 125.)   Decided June 5, 1922.

Roy C. Steele was convicted of abandoning his wife and children.   Reversed and defendant discharged.

*W. J. Barnard,* for appellant.

*Merlin Wiley,* Attorney General, and *James E. Chandler,* Prosecuting Attorney, for the people.

McDONALD, J.    The defendant was convicted in the circuit court for the county of Van Buren, on an information filed under Act No. 144, Pub. Acts 1907 (2 Comp. Laws 1915, § 7789 *et seq.*), charging him with having deserted and abandoned his wife and children without providing proper shelter, food, care and clothing for them.    He brings his case to.this court on exceptions before sentence.    The material facts upon which the prosecution is based are undisputed.    On the 11th day of October, 1920, the defendant, who was then living with his wife and two small children at South Haven, Michigan, informed her that he had contracted a venereal disease.    She immediately took the children and went to live with her parents. On the following day she made an arrangement with him that he should pay her $10 a week for their maintenance.    At this time he paid her $5 and again, on the 30th day of October, paid the same amount.    On his failure to make further payments, she complained to the county officials and through their intervention a new agreement was made in which he promised to pay her $8 a week.    Following this arrangement he made two payments, one of $3.00 on the 5th day of December, and one of $8 on the 19th day of December. Thereafter, he neglected and refused to make any further contributions, and this prosecution followed.

The evidence does not disclose whether the defendant consented or objected to the separation which took place on the 11th day of October, 1920, but it does appear that frequently thereafter he personally, and by letter, importuned her to bring the children and return to him, and assist in re-establishing their home. On the 30th day of October. he wrote that he had been

cured and desired her to come back. This she refused to do, saying:

"As for your insane idea of keeping up the house, it would be no home for me, so you might as well give up any idea of that kind."

When these facts were presented to the trial court, he refused to direct a verdict of not guilty, but submitted the case to the jury on the theory that the conduct of the defendant, in having voluntarily contracted a venereal disease, constituted a desertion and abandonment of his wife and children within the meaning of the statute, and instructed them that, if thereafter he failed to keep his agreement to provide for their support and maintenance, he would be guilty of the offense charged against him in the information. This ruling of the court and his instructions to the jury as to what constituted the offense are the only questions involved in the case.

It is apparent that the action of the court was based upon an erroneous interpretation of the statute. He did not give the words "deserted" and "abandoned" the meaning which the statute imports, and which this court has given them in *People* v. *Stickle,* 156 Mich. 557, and in *People* v. *Dunston,* 173 Mich. 368 (42 L. R. A. [N. S.] 1065).

In the case of *People* v. *Stickle* it was said:

"Abandonment or desertion under the statute, means to separate from, wrongfully, without intention of again resuming marital relations."

Applying this definition to the facts of the instant case, it is clear that they are not sufficient to constitute desertion and abandonment within the meaning of this statute.

Our attention has been called to the language of this court in *Warner* v. *Warner,* 54 Mich. 492, which it is claimed gives a different meaning to the word de-

sertion. In that case "desertion" was being considered as a cause for divorce under a statute relating to cohabitation. There the cause which induced the physical separation was an important factor in determining which party was the deserter. Here the statute relates to support and not to cohabitation, and the cause is immaterial.

There is, however, a further reason why the conviction in this cause cannot be sustained. The evidence is undisputed that his refusal and neglect to make provision for the support of the family took place some months after the separation, which is charged on the 11th day of October, 1920. In order to make out the offense under this statute, there must be coupled with the desertion, and at the very time of it, a failure to make provision.

In *People* v. *Albright*, 161 Mich. 400, this court said that to constitute the offense, desertion, abandonment and refusal or neglect must contemporaneously combine. In the case under consideration, neither of the two elements which constitute the offense were established by the facts. The circuit judge erred in his refusal to direct a verdict of not guilty.

Therefore the conviction must be set aside and the defendant discharged.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.