## Waites v. Waites.

(Decided May 27, 1927.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Divorce.—Where, on face of record, wife was entitled to divorce unless there was defense on ground of purported prior divorce in foreign court in favor of husband, dismissing her petition because defendant sent chancellor in letter purported certified copy of decree of foreign court divorcing him from plaintiff, not certified as required by Ky. Stats., section 1635, nor filed, nor accompanying pleading as exhibit, was error, especially in view of showing by such paper of possibility that foreign divorce was not between parties in question.

2. Divorce.—Under Ky. Stats., section 2119, requiring county attorney to resist divorce actions, when defendant husband in divorce suit sent by mail to chancellor purported certified copy of judgment of foreign court granting him divorce, it was duty of county attorney to investigate and, if possible, to resist divorce suit, especially where plaintiff sought alimony, and referring such case to county attorney was proper, and plaintiff's motion to submit case should have been overruled.

HUBBARD & HUBBARD for appellant.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

From a judgment dismissing the appellant's suit for divorce, she brings this appeal. The appellant is a resident of Jefferson county, Ky.; the appellee of Birmingham, Ala. However, while he was temporarily in Jefferson county, the appellant had the process in this case served upon him. The appellee made no formal defense to this action, but on his return to Birmingham he evidently wrote several letters to the chancellor who tried this case. In one of these letters the appellee inclosed what purported to be a certified copy of a judgment of an Alabama court which divorced him from the appellant. The chancellor at once filed in the record all the communications he received from the appellee. On the motion of the appellant he struck from such file all such communications except the so-called certified copy of the judgment. The appellant took her proof and established her cause of complaint. When she undertook to submit her case for judgment, the court remanded it, with direc-

tions to the county attorney to make investigation and to take such steps in resisting the divorce as he thought proper. The appellant objected to this procedure, and on her insistence that the case be submitted for judgment the court did so and dismissed her petition as stated. The lower court erred in so doing. On the face of the record, the appellant was entitled to the divorce she sought, unless perchance there was a defense to her suit based on the purported prior judgment granted by the Alabama court. This judgment was not certified as required by section 1635 of the Statutes. It was not filed by the appellee, nor did it accompany as an exhibit any pleading. It was simply filed by the court in the record. Indeed, it is not absolutely certain that the purported certified copy of the judgment of the Alabama court is a judgment between the same parties as those to this suit, since the wife in the Alabama judgment is designated as V. Adeline Waites, whereas in this case she styles herself just "Velma."

However, section 2119 of the Statutes requires the county attorney to resist all divorce actions, and so it was his duty, when this copy of the Alabama judgment was called to his attention, to make an investigation and, if possible, to resist this suit filed by the appellant. Especially was this so in this case because appellant was seeking by her suit not only a divorce but substantial alimony. To enforce at this time any judgment for alimony which she might obtain, appellant would have to go to Alabama where appellee resides or to Ohio where he owns some real estate. Inevitably under such circumstances, there would come a clash between the Alabama judgment, if valid, and such a Kentucky judgment. Such collision should, if practicable, be avoided. The court therefore did not err when he referred this case to the county attorney, but he should have persisted in that reference and overruled the appellant's motion for a submission of the cause. His judgment is therefore reversed, with directions to again refer this matter to the county attorney, in order that he may file such defensive pleading as he can in order to resist this divorce proceeding, as is his duty so to do under the Statutes.

Judgment reversed.