FREDERICK MORTON HALL *v.* OLGA A. HALL

[No. 15, January Term, 1942.]

*Decided February 5th, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Joseph Loeffler*, with whom was *Benjamin Unger* on the brief, for the appellant.

No appearance and no brief for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

The appellant, Frederick Morton Hall, filed a bill of complaint in the Circuit Court for Baltimore County against his wife, the appellee, Olga A. Hall, in which he prayed (1) for a divorce *a vinculo matrimonii*, and (2) that certain property held by them as tenants by the entireties be decreed to be the absolute property of the appellant.

On August 11, 1941, the court passed a decree granting the appellant a divorce *a vinculo matrimonii* from the appellee. There is no appeal from that decree. Subsequently, on September 27, 1941, the court passed an order in which it denied the relief "as prayed for in the third, fourth, fifth and sixth" prayers of the bill of complaint. Those prayers had reference to the property held by the parties as tenants by the entireties.

The bill of complaint alleges that the parties were married in 1920, and in 1927 the appellant purchased for property involved, partly with money inherited and partly with bonus money received from the United States Government. Also, a mortgage was placed on the property. The title was taken in the names of the parties as tenants by the entireties. It is then alleged that about 1937 the appellee left the appellant, and now is living in Baltimore City as the wife of another man. It is not alleged in the bill of complaint that the appellee secured the joint title to the property by means of any fraud or undue influence.

The only question presented by this appeal is whether, in a case for divorce, a court of equity has the power to adjust the property rights of the parties.

The general rule, usually followed, is that courts of equity, in cases for divorce, have no power, unless expressly conferred by statute, "to transfer the property of either spouse to the other, or otherwise to dispose of it. * * * The court's authority * * *, in divorce proceedings to deal with the property rights of the spouses * * * must be exercised within the limits prescribed by statute." 27 *C. J. S., Divorce,* Sec. 291, page 1113.

It is true that in a number of States statutes have been passed conferring that power upon courts of equity. But it Maryland there is no statutory authority empowering courts of equity, in a case for divorce, to adjust the property rights of spouses, except to return to a wife property held in her own right before marriage. Code, 1939, Art. 16, Sec. 41.

This question definitely has been decided in this State in a number of cases similar to this case.

In *Reed v. Reed,* 109 Md. 690, 72 A. 414, 130 *Am. St. Rep.* 552, it was held that if one spouse, during coverture, voluntarily and without fraud or undue influence, conveys property to the other, a subsequent divorce does not operate to vest in the spouse so conveying an equitable title or claim to such property. A decree of divorce does not annul voluntary and legal acts during coverture, and all transfers of property which were actually executed in law abide. *Crise v. Smith,* 150 Md. 322, 133 A. 110, 47 *A. L. R.* 467.

The latest decision of this court on this subject is found in *Waltrick v. Waltrick,* 169 Md. 705. It is not there reported in full, but it may be found in 182 A. 339. In that case it was held that, in a divorce case, the court has no power to dispose of the property rights of either party.

Under the universal rule, and without statutory authority, the relief here sought cannot be granted in a case for divorce.

*Decree affirmed, appellant to pay the costs.*