HOWARD H. GUNTER *v.* ELIZABETH H. GUNTER, ET AL.

[No. 14, October Term, 1946.]

*Decided November 1, 1946.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Z. Townsend Parks, Jr.*, with whom was *Howard C. Bregel* on the brief, for the appellant.

*Avrum K. Rifman*, with whom was *Albert H. Frankel* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

On November 20, 1945, the appellant in this case filed his amended bill of complaint in the Circuit Court of

Baltimore City seeking partition by sale of the leasehold property No. 1613 Clarkson Street in Baltimore City. The respondents filed answers and, after hearing, the chancellor dismissed the bill. The facts in the case are not in dispute.

The property in question, stipulated to be worth $1,500, was acquired by Howard H. Gunter and Elizabeth H. Gunter, his wife, as tenants by the entireties, on April 12, 1921, some years after their marriage. It was occupied as their residence for many years. On February 9, 1943, by a decree of the Circuit Court of Baltimore City, Elizabeth H. Gunter was divorced *a vinculo matrimonii* from Howard H. Gunter on the ground of desertion and abandonment. The decree provided that Howard H. Gunter "pay unto the said Elizabeth H. Gunter the sum of eleven ($11) dollars per week as permanent alimony for her maintenance and support and he shall, in addition thereto, pay all taxes and ground rent on property no. 1613 Clarkson Street in the City of Baltimore." These payments were fixed by the court, upon consideration of the current earnings of the husband and not by agreement of the parties. There was no appeal from that decree, and thereafter the wife continued to occupy the premises.

On August 29, 1944, Elizabeth H. Gunter conveyed to a straw man an undivided one half interest in 1613 Clarkson Street, who in turned reconveyed that interest to Elizabeth H. Gunter for life, with full power to sell, mortgage, lease, will or encumber the estate conveyed, including the life estate and remainder, with remainder to her daughter, Mrs. Catherine Kelly.

At the time of the hearing on the bill for partition, the appellant was about twelve weeks in arrears in his weekly payments of alimony, and was also in arrears in the payment of taxes and ground rent on the property for the year 1945 amounting to $54.86 and $25 respectively. It was brought out in the testimony that a short time before the hearing he had petitioned the Circuit Court for reduction of his alimony payments, on the

ground of decreased earnings, but the court deferred action thereon pending the final determination of the partition case.

The chancellor, in his opinion filed in this case, recognized that the appellant had an interest in the property in question, but laid stress on the fact that he was in default under another order of the same court, and had not "shown any reduction in earnings sufficient to justify his stopping payment." The chancellor also expressed the view that the divorce decree "certainly implies that the defendant shall have the right to live in the house." The case comes here upon his decree dismissing the amended bill.

It is virtually conceded that the effect of the decree of divorce *a vinculo* was to convert the tenancy by the entireties into a tenancy in common. *Reed v. Reed,* 109 Md. 690, 72 A. 414, 130 Am. St. Rep. 552; *Meyers v. East End Loan & Savings Ass'n,* 139 Md. 607 116, A. 453. In the absence of fraud or undue influence the Courts will not inquire into the contributions of the parties prior to the joint acquisition, or attempt an apportionment. *Brell v. Brell,* 143 Md. 443, 122 A. 635; *Reed v. Reed, supra.* The general rule is also recognized that "by express provision of our chancery statute, any tenant in common has the right to secure separate enjoyment of his interest either by partition or by sale and division of the proceeds. Code 1939, Art. 16 Sec. 159." *Cook v. Hollyday,* 186 Md. 42, 45 A. 2d 768, 771. See *also Birckner v. Tilch,* 179 Md. 314, 325, 18 A. 2d 222. Unless there was something in the decree of divorce that operated to confer a vested right of continued occupancy upon the wife, it would seem that the relief sought should have been granted.

The nature and limitations of an alimony award were fully discussed by this Court in the recent case of *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451, 457: "Under the law of this State no allowance to a wife is considered as alimony which does anything more than provide for the payment of money at stated periods for her support during the joint lives of the parties as long as they are

separated. The equity court, which awards alimony in the manner established by the English Ecclesiastical courts, Code, 1939, Art. 16, Sec. 14, has no power, unless conferred by the Legislature, to transfer the property of either spouse to the other, or otherwise dispose of it. We have no statute in Maryland authorizing the court to adjust the property rights of the parties in a suit for divorce, except to award to the wife such property or estate as she had when married. Code, 1939, Art. 16, Sec. 41; *Hall v. Hall,* 180 Md. 353, 24 A. 2d 415." In the case of *Nicodemus v. Nicodemus,* 186 Md. 659, 48 A. 2d 442, 446, 447, this court said: "No questions are before us in these cases with respect to the Monkton Farm, which is held by the parties as tenants by the entireties. In such proceedings as these no disposition can be made of it, nor can any order be passed as to who shall pay for its upkeep. *Roberts v. Roberts,* 160 Md. 513 154 A. 95. It is evident, however, that some arrangement will have to be made by the parties as to what is to happen to it. Neither, alone, will be able to keep it up, and each one is equally entitled to occupy it. It will probably have to be sold and the proceeds invested for the use of the parties unless they agree otherwise. *Masterman v. Masterman,* 129 Md. 167, 98 A. 537, *Brell v. Brell,* 143 Md. 443, 122 A. 635. We mention this because it is not intended, by affirming these cases, to leave the wife in permanent possession of the farm without giving her husband any rights therein. That is a matter for further agreement or litigation as the case may be."

It is true that in fixing an award of alimony the amount of the allowance may be influenced by the amount of rent required for the rent of the house in which the wife lives. *Daiger v. Daiger,* 154 Md. 501, 140 A. 717. In the case at bar we do not find from the terms of the divorce decree that the court intended to adjudicate the property rights of the parties, or to do more than accept the then occupancy of the property by the wife, free of rent, as one of the elements to consider in fixing the weekly payments for her support. Doubtless the court also took into

account, in directing the husband to pay the taxes and ground rent upon the property without any right of contribution to the husband for the wife's share, the fact that this imposed an obligation which would otherwise have been reflected in a larger weekly amount. And it may be that the court felt that it was desirable to impose responsibility for such payments, in lieu of additional alimony, since prompt payment was necessary for the protection of the common interests of the parties. But even assuming that the decree may be given a limited effect in these respects, it was clearly not intended to be final, and we do not think the acceptance of the award in this form by the husband can be held to impose any barrier to a subsequent proceeding by him for partition.

A decree for the sale of the property would, of course, oust the wife of her possession, and this in turn would seem to call for a modification of the award of permanent alimony in the light of conditions then existing. As we said in *Bart v. Bart,* 182 Md. 477, 478, 35 A. 2d 125, 126: "The law is well settled in this State that jurisdiction exists in the equity courts to increase or reduce the amount allowed as alimony as circumstances may justify. * * * This is true, whether jurisdiction is specifically reserved or not. *Winkel v. Winkel,* 178 Md. 489, 15 A. 2d 914. This, however, is not the case if the award is not alimony, but is a confirmation of an agreement of the parties, *Dickey v. Dickey,* 154 Md. 675, 141 A. 387, 58 A. L. R. 634."

The appellee contends that because the appellant was in default in the payments specified in the divorce decree, his bill for partition was properly dismissed. But it is sufficient to observe that the decree dismissing the bill was not conditioned upon compliance with the divorce decree, but undertook to deal finally with his right to partition. This court has held that where a litigant has been adjudged guilty of contempt, he cannot, so long as the judgment stands unimpeached "be permitted as a matter of right to make any motion, file any petition, or

assert any claim for relief in the particular suit in which the contempt has been adjudicated." *Skirven v. Skirven,* 154 Md. 267, 271, 140 A. 205, 207, 56 A. L. R. 697. In that case, however, the trial court did not undertake to finally dispose of any right, but merely required the petitioner to purge his adjudicated contempt, as a condition to granting him relief in the same proceeding. The case is thus readily distinguishable. Moreover, it was represented in the argument of the case at bar that the appellant had paid the arrearages in his weekly payments to date, and that he waived any claim to credit for the payment of taxes and ground rent upon the property in question, chargeable to him under the divorce decree, down to the time of sale. This clearly disposes of the objection.

Finding that the chancellor was in error in dismissing the bill, we must reverse the decree.

*Decree reversed and case remanded, with costs.*