# WILLIAM F. LICKLE *v.* A. GORDON BOONE
[No. 56, October Term, 1946.]

580

*Decided February 6, 1947.*

The cause was argued before MARBURY, C. J., DELA-
PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*M. William Adelson,* with whom was *S. Raymond Dunn*
on the brief, for the appellant.

*Kenneth C. Proctor* and *John Grason Turnbull* ap-
peared on the brief for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

A. Gordon Boone, resident of Baltimore County, brought this suit on February 21, 1946, to obtain an absolute divorce from his wife, Edith Flint Boone, resident of Delaware. The bill of complaint alleged that defendant had committed adultery with William F. Lickle. Defendant did not appear. On April 15 Lickle filed a petition alleging (1) that complainant was preparing to proceed *ex parte* to produce evidence, which, if not subjected to cross-examination in open court, might seriously injure petitioner's reputation and career; (2) that since petitioner was specifically named in the bill of complaint, he was entitled to defend against the unfounded and unjust accusation made against him; and (3) that his only means of making such defense was either by intervention in the proceedings as a party defendant or by having the cause heard in open court and thus being given an opportunity through counsel to cross-examine any witnesses offered by complainant and also to produce evidence to refute the charge made against him. Complainant filed an answer to the co-respondent's petition consenting to his intervention. On April 22 the Court, acting upon the petition and answer, passed an order making the co-respondent a party defendant "for the purpose of permitting him an opportunity through counsel to interpose any defense he might have to the charge of adultery." The co-respondent emphatically denied the charge of adultery, but on June 4 the Court passed a decree granting complainant a divorce from his wife, awarding the guardianship and custody of A. Gordon Boone, Jr., one of the minor children, to complainant, and ordering complainant to pay the costs of the proceedings. The co-respondent appeals from the decree.

The question now before us is whether the co-respondent had a right to intervene in the divorce suit so as to enable him to appeal to the Court of Appeals. He contends that he is entitled to appeal because (1) he was the only co-respondent named in the bill of complaint, (2) the court of equity passed an order permitting him to intervene as a party defendant, and (3)

the main issue in the case, whether he had committed adultery, was decided against him. In 1842 the Legislature conferred jurisdiction in all applications for divorce upon the courts of equity of this State. Laws of 1841, Ch. 262; Code, 1939, Art. 16, Sec. 38. But the court in divorce proceedings sits, not in the exercise of its ordinary equity jurisdiction, but as a divorce court governed by the principles applied in the English ecclesiastical courts so far as such principles are not inconsistent with the Maryland Code. *Dougherty v. Dougherty*, 187 Md. 21, 48 A. 2d 451, 456. From an early period in English history the ecclesiastical courts, which had jurisdiction over divorces, were governed by the principles of the canon and civil law, which became a part of the common law to that extent. *Childs v. Childs*, 49 Md. 509, 514. In 1776 the framers of the Constitution of Maryland adopted the common law as a part of the law of this State. The provision in the Declaration of Rights "that the inhabitants of Maryland are entitled to the Common Law of England" referred to the mass of the common law as it existed in England at that time, and as it prevailed in Maryland either practically or potentially, except such portions thereof as were inconsistent with the spirit of the Constitution and the nature of our new political institutions. Md. Declaration of Rights, Art. 5; *State v. Buchanan*, 5 Har. & J. 317, 358, 9 Am. Dec. 534.

Intervention was not allowed either at common law or in chancery. *Bankers' Mortgage Co. v. Sohland*, 33 W. W. Harr. 331, 33 Del. 331, 138 A. 361. While the ecclesiastical courts occasionally allowed intervention in suits for divorce, borrowing the procedure from the civil law, they did not allow intervention to co-respondents charged with adultery. *Lowe v. Lowe*, 68 L.J.P. 60, 80 L.T.N.S. 575, 47 W. R. 553. In 1857 Parliament passed the Matrimonial Causes Act, which transferred divorce jurisdiction from the ecclesiastical courts to the Court for Divorce and Matrimonial Causes. That Act gave every husband seeking a divorce the right to make the co-respondent a party, and empowered the court

upon a wife's petition to order the co-respondent to be made a party. 20 and 21 Victoria, Ch. 85, Sec. 28. In 1907 Parliament enacted that any co-respondent charged with adultery in a suit for divorce has the right to intervene in the suit. In the United States some of the Legislatures have passed statutes giving co-respondents in divorce suits the right to intervene. For example, the New York Legislature in 1899 provided that any co-respondent has the right to appear and defend and to demand trial by jury, and in case the charge against him is not proved he is entitled to judgment for costs. *Rixa v. Rixa,* 35 Misc. 227, 71 N. Y. S. 815; *Simons v. Simons,* 182 Misc. 860, 49 N. Y. S. 2d 929. But in Maryland there is no statute authorizing a co-respondent in a divorce suit to intervene.

It is now generally accepted that a court of equity, in order to prevent the delay of circuity of action, should allow any person to intervene in a suit for the purpose of protecting a property interest, although no such right is specifically conferred by statute. *Conroy v. Southern Maryland Agricultural Ass'n,* 165 Md. 494, 502, 169 A. 802; *United States v. Widen,* D. C., 38 F. 2d 517; *William v. Morgan,* 111 U. S. 684, 4 S. Ct. 638, 28 L. Ed. 559. It is also held in a number of States that third persons claiming an interest in property involved in a divorce suit may intervene and establish their rights. *Elms v. Elms,* 4 Cal. 2d 681, 52 P. 2d 223, 102 A.L.R. 811. In Texas, where a complainant applied for a divorce and also claimed part interest in certain land, and a petition of one of the joint owners of the land to intervene in the case was dismissed by the trial court, the Court of Civil Appeals said: "There is nothing in the statute regulating proceedings for divorce that would prohibit a joint owner of lands that might be in controversy between the husband and wife to become a party to a proceeding looking towards the partition of such lands. * * * Of course, they have no interest in the proceeding merely looking to a divorce, and the decree of the trial court upon that subject will not be disturbed; but so much of the decree as sustains the demurrer and

dismisses the interveners' cause of action that seeks partition will be reversed." *Weaver v. Manley,* 46 Tex. Civ. App. 133, 101 S. W. 848, 849. In Maryland, however, a court of equity has no power, unless conferred by the Legislature, to transfer the property of either spouse to the other, or otherwise to dispose of it, and there is no statute authorizing the court to adjust the property rights of the parties in a suit for divorce, except to award to the wife such property or estate as she had when married. Code 1939, Art. 16, Sec. 41; *Hall v. Hall,* 180 Md. 353, 24 A. 2d 415; *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451, 457.

The Legislature of Maryland has enacted a statute providing that any one or more of the parties to a suit in equity may appeal from any final decree or order in the nature of a final decree. Code 1939, Art. 5, Sec. 30. This statute does not restrict the right of appeal to the technical parties to a suit. A person may have such a direct interest in the subject matter of a suit as to entitle him to maintain an appeal, although he is not one of the actual parties. *Preston v. Poe,* 116 Md. 1, 81 A. 178. But in no event can a co-respondent named in a suit for divorce maintain an appeal. He cannot appeal by virtue of the statute because he has no right to become a party to the suit by intervention. Nor can he appeal on the theory that he has an interest in the subject matter of the suit, for he does not have the interest upon which the right of appeal can be predicated. An interest such as will entitle a party to intervene in an action between other parties must be founded upon some claim to property which is the subject matter of litigation, or must be so closely and directly connected with the subject matter that the intervener will either gain or lose by the direct legal operation and effect of the decree. *Wightman v. Evanston Yaryan Co.,* 217 Ill. 371, 75 N. E. 502, 108 Am. St. Rep. 258, 3 Ann. Cas. 1089. The subject matter of a divorce suit is the marital relation of the complainant and defendant. It is obvious that co-respondents have no direct interest in the issue whether the marital relation continues or is

severed. Of course, it may be true that a co-respondent's reputation may be injured by a charge in the bill of complaint. Injury may also ensue from the evidence and the finding of the chancellor. But the injury is not the result of the decree itself. We, therefore hold that in the absence of statutory authorization, a co-respondent in a suit for divorce has no right to intervene as a party to the suit in order to protect his reputation. *Howell v. Howell,* 87 Kan. 389, 124 P. 168, Ann. Cas. 1913E, 429. While there is considerable force in the co-respondent's argument, it is an argument which should be directed to the Legislature, rather than to the Judiciary of the State. This Court cannot enact legislation, but can only administer justice according to existing law. *Leland v. Leland,* 319 Ill. 426, 150 N. E. 270.

It is recognized that the marriage relation is a status based upon public necessity and controlled by law for the benefit of society. Although a divorce proceeding appears as a controversy between husband and wife, the State occupies the position of a third party to the contract, and it is always the duty of the courts to guard the marriage relation. This policy is founded upon the necessity for protecting the interests of children and others who, though not parties to the cause, might be deeply affected by its decision, and for preserving the public morals. In many States a divorce suit is regarded as a triangular proceeding, in which the State may be represented by the appearance of its representative for the more efficient maintenance of these principls. In New Jersey, Delaware and the District of Columbia statutes provide that in all uncontested divorce suits and in any other case where the court may deem it necessary and proper, the court may assign an attorney to defend the case. In Massachusetts the judge may appoint an attorney to investigate and report to the court in relation to a suit for divorce and may direct such attorney to defend the suit. *Nicolai v. Nicolai,* 283 Mass. 241, 186 N. E. 240. In West Virginia the court may appoint a divorce commissioner to investigate all divorce suits, and to appear at all trials and examine

586

witnesses when necessary and defend the interests of the State. *Harbert v. Harbert,* 122 W. Va. 603, 11 S. E. 2d 748. In Kentucky the county attorney is directed to resist every application for divorce. *Waites v. Waites,* 220 Ky. 251, 294 S. W. 1072. In the absence of any statutory enactment, however, the duty of protecting the interests of the State in divorce proceedings is in the care of the chancellor. *Dougherty v. Dougherty,* 187 Md. 21, 48 A. 2d 451, 456. A divorce suit affects in a special way the interests of the entire community, and also the separate private interests of a considerable number of third persons not nominally parties. For the protection of those interests, the chancellor assumes that the State is a party, not in the sense of asking or opposing the divorce, but as seeking justice for the public and for all interested private persons who are not before the court as parties, and he looks after those interests as far as his other functions permit. *Rucker v. Rucker,* 185 Md. 539, 45 A. 2d 282. It is clear that a co-respondent in a suit for divorce cannot act as the representative of the State, and has no right to intervene in such a proceeding on the theory that he may protect the rights of the public.

*Appeal dismissed, with costs.*